JOHN ROBERT UNRUH (SBN 254662)
UNRUH LAW, P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415-335-6417
Fax: 415-360-5917
Email: john@jru-law.com

Attorney for Plaintiff
BETH SILVERSTEIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH SILVERSTEIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.: 3:21-cv-7815<br><br>COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) |

Plaintiff, BETH SILVERSTEIN (hereafter "Plaintiff"), alleges against the Defendant as follows:

**I. JURISDICTION**

1. Plaintiff's Complaint relates to an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA"). This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), (f), and (g).

2. Plaintiff has exhausted all administrative remedies related to the denial of the disability plans that are the subject of this Complaint.

**II. INTRADISTRICT ASSIGNMENT**

3. At all times relevant to this Complaint, Plaintiff was a resident of the County of Alameda, therefore, venue is proper within the Northern District of California under 28 U.S.C. §1132(e)(2).

4. Plaintiff's Complaint may be assigned to the San Francisco or Oakland Division pursuant to Local Rule 3-2.

**III. PARITES**

5. At all times relevant, Plaintiff was a participant in the REFUGEE & IMMIGRANT TRANSITIONS insurance plan (hereafter "the Plan"), which provides disability benefits to its participants (Group Policy No. 00095022937800000).

6. At all times relevant, the Plan and its benefits were insured by and administered by THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereafter "Defendant").

7. At all times relevant, the Plan was a welfare benefit plan within the meaning of ERISA and was purchased by REFUGEE & IMMIGRANT TRANSITIONS (hereafter "Refugee Transitions") to offer, *inter alia*, disability benefits to its employees, including Plaintiff.

8. At all times relevant, Defendant, was a corporation organized under statutes in the State of Indiana and doing business in California within the County of Alameda.

**IV. GENERAL ALLEGATIONS**

9. Plaintiff was hired by Refugee Transitions on or around September 1, 2017, as a teacher of adult education. Plaintiff continued to work at Refugee Transitions in this capacity until sometime on or around December 10, 2018, when she ceased work as she became too disabled to work due to neurocognitive disorder, reduced cognition, memory decline, and other cognitive deficits.

10. The Plan's elimination period provided that coverage for Plaintiff under the Plan was effective on February 1, 2018. The Plan excluded payments for disabilities that occur within twelve months of a claimant's effective date if caused be a pre-existing condition, which the Plan defined as a sickness or injury for which a claimant sought medical treatment within the three months prior to said claimant's effective date.

11. On or around December 10, 2018, Plaintiff began experiencing deficits in concentration, memory problems, difficulty communicating with students, and other mental processing problems. Records dated December 10, 2018, from Plaintiff's medical providers noted that Plaintiff reported her cognition is dramatically reduced, she has been repeatedly losing her train of thought, having to take pauses midsentence, and that she cannot handle basic cognitive tasks like simple arithmetic. Plaintiff reported to her provider that she taught her class that day yet was shocked when she managed to get through it.

12. On or around April 25, 2019, Plaintiff's treating physician diagnosed Plaintiff with a major neurocognitive disorder that rendered her unable to work due to "memory impairment, poor focus, and poor attention". Plaintiff had theretofore not been diagnosed with said condition.

13. On June 27, 2019, Defendant denied Plaintiff's claim on the grounds that Plaintiff's disability was caused by a pre-existing condition, as defined by the Plan, and therefore Plaintiff was excluded from receiving benefits. Plaintiff timely appealed on December 23, 2019.

14. On or around November 5, 2020, Defendant retained a doctor to perform an evaluation of Plaintiff's claim, and said doctor agreed Plaintiff had a pre-existing mental health condition as defined by the Plan; however, when asked if there was evidence of a pre-existing *neurocognitive disorder* during the relevant lookback period *or* if Plaintiff's pre-existing mental health condition caused or substantially contributed to Plaintiff's neurocognitive disorder in question, Defendant's doctor responded, "None noted in the documentation reviewed."

15. In a decision letter dated January 11, 2021, Defendant upheld their denial of benefits to Plaintiff, this time on the grounds that Plaintiff's neurocognitive disorder, which Defendant conceded was *not* pre-existing, did not render Plaintiff disabled as defined by the Plan.

16. Plaintiff made proper and timely claims for the benefits due her under the Plan. Despite Plaintiff meeting the definition of disability under the Plan's policies at all times relevant herein, Defendant denied Plaintiff's entitlement to disability benefits.

17. Plaintiff has complied with all of the conditions precedent to receive the benefits under the terms and conditions of the Plan, yet Defendant has failed to pay Plaintiff the benefits she is due.

**CLAIM FOR RELIEF**
**CAUSE OF ACTION: BREACH OF INSURANCE CONTRACT**

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 above as if set forth in full herein.

19. ERISA Section 502(a)(1)(B), 29 U.S.C.A. §1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due a participant under the terms of a plan, and/or to clarify a participant's right to future benefits.

20. At all times herein mentioned, Plaintiff was a beneficiary under the Plan and Plaintiff has been totally disabled under the terms and conditions of said Plan.

21. Defendant agreed to pay benefits to Plaintiff in accordance with the provisions of the policies governing the Plan. Defendant has violated and continue to violate the terms of the Plan and Plaintiff's rights thereunder by denying Plaintiff's claim for disability benefits under the Plan.

22. Furthermore, Defendant, by terminating Plaintiff's entitlement to benefits under the Plan, has caused Plaintiff to lose her eligibility and entitlement to other benefits, such as, *inter alia*, survivor benefits, life insurance benefits, and health care benefits.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant as follows:

  A. Order Defendant pay benefits due Plaintiff under the Plan from the beginning of her disability through the date judgment is entered;

B. Order Defendant pay future benefits due Plaintiff under the Plan until such time as Plaintiff is no longer disabled within the meaning of the Plan;

C. Order Defendant to pay all interest as allowed by law;

D. Award Plaintiff reasonable attorney fees and costs in an amount to be shown according to proof; and

E. Provide any and all other relief the Court deems just and proper.

Date: October 6, 2021					Respectfully submitted,

							UNRUH LAW, P.C.

							/s/ John Robert Unruh
							John Robert Unruh
							Attorney for Plaintiff
							100 Pine Street, Suite 1250
							San Francisco, CA 94111
							415-335-6417
							john@jru-law.com